IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BUBBA L. WASHINGTON, JR. §
§
Plaintiff, §
§
VS. § NO. 3-08-CV-1355-B
§
DALLAS COUNTY §
§
Defendant. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Bubba L. Washington, Jr., a former inmate in the Dallas County Jail, for wrongful imprisonment. On August 5, 2008, plaintiff tendered a one-page handwritten complaint to the district clerk. However, he did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. On August 6, 2008, a notice of deficiency was sent to plaintiff at the Dallas County Jail, the address listed in his complaint. Plaintiff was ordered to either pay the filing fee or file an application to proceed *in forma pauperis* within 20 days, or the case would be dismissed.[1] No action was taken in response to that order. On September 5, 2008, a second notice of deficiency was mailed to plaintiff instructing him to either pay the statutory filing

---

[1] The court also notified plaintiff that his complaint did not comply with the requirements of Fed. R. Civ. P. 8(a) and provided him with a form civil rights complaint. To date, plaintiff has not refiled his complaint in proper form.

fee or file an application to proceed *in forma pauperis*. Six days later, the unopened envelope containing the second deficiency notice was returned to the clerk with the notation, "Return to Sender/Not in Dallas County Jail." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Two deficiency notices were mailed to plaintiff at the Dallas County Jail-- the only address provided to the court. However, plaintiff is no longer incarcerated in that facility and has not furnished the court with his current address.[2] Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is clearly warranted under these circumstances. *See Villa v. Valdez*, No. 3-06-CV-1482-G, 2006 WL 2913804 at *1 (N.D. Tex. Oct. 10, 2006) (dismissing *pro se* prisoner complaint for failure to provide court with current

---

[2] An online search confirms that plaintiff is no longer incarcerated in the Dallas County Jail. *See* http://www.dallascounty.org/jaillookup/search.jsp.

address); *Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug.12, 2004), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (same).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE